A90A1274. KIMBRIL v. THE STATE.
(398 SE2d 416)

COOPER, Judge.

Appellant entered a guilty plea in the superior court to the charges of entering an automobile, possession of tools for the commission of a crime and giving a false name to a law enforcement officer. At the commencement of the hearing before the trial court, the district attorney submitted her recommended sentence, and the appellant's attorney stated that the appellant was not agreeing to that recommendation but was going to try to convince the court to enter a lesser sentence. After the court's efforts to clarify whether the plea was in fact a negotiated or a non-negotiated plea, the appellant requested that he be allowed to withdraw his plea. The court refused and proceeded to inquire as to the State's recommended sentence. When the district attorney mentioned that her recommended sentence included restitution and a fine, the appellant stated that he was not aware of the inclusion of these elements in the recommended sentence and reiterated his desire to withdraw the plea. The court again refused. Prior to the announcement of the sentence, the appellant's attorney concluded by explaining that at the beginning appellant was entering a non-negotiated plea; that during the hearing appellant decided to accept the negotiated plea; that when the State added restitution to the recommendation, appellant decided to withdraw his plea.

Appellant first asserts that the trial court erred by refusing to allow appellant to withdraw his guilty plea when such a request was made. We agree and reverse. " 'OCGA § 17-7-93 (b) permits a defendant to withdraw a guilty plea as a matter of right before sentence is pronounced.' " *Agerton v. State*, 191 Ga. App. 633, 634 (382 SE2d 417) (1989). Accord *Jackson v. State*, 172 Ga. App. 874 (324 SE2d 816) (1984), citing *State v. Germany*, 246 Ga. 455 (271 SE2d 851) (1980). In the instant case, appellant twice expressed his desire to withdraw his plea before the court orally pronounced the sentence. The court's refusal to accept the withdrawal was in error. Due to our reversal, it is unnecessary to consider appellant's remaining enumerations.

*Judgment reversed. Banke, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 19, 1990.

J. M. Raffauf, Alden W. Snead, for appellant.

Frank C. Winn, District Attorney, Lois W. Gerstenberger, Assistant District Attorney, for appellee.