A92A1330. STUCKEY v. THE STATE.
(420 SE2d 655)

McMURRAY, Presiding Judge.

On January 22, 1992, judgment was entered in the Superior Court of Bibb County on defendant's plea of guilty for possession of cocaine with intent to distribute, criminal attempt to possess cocaine with intent to distribute, burglary, aggravated assault with a deadly

weapon, criminal attempt to commit extortion, four counts of false imprisonment and possession of a firearm during the commission of a felony. On February 5, 1992, defendant filed a pro se motion to withdraw his guilty plea. The trial court denied this motion and this pro se appeal followed. *Held*:

1. "The superior court's jurisdiction to entertain a motion to withdraw the guilty plea ended after the term of court in which the judgment of conviction was rendered. *Harden v. State*, 177 Ga. App. 531 (339 SE2d 793) (1986)." *Stargell v. State*, 204 Ga. App. 45 (418 SE2d 372). In the case sub judice, defendant's motion to withdraw the guilty plea was made outside the term of court in which the judgment of conviction was rendered.[1] Consequently, we affirm the denial of defendant's motion to withdraw his guilty plea. *Stargell v. State*, supra.

2. Defendant, as pro se, filed a document in this Court on May 4, 1992, entitled, "Request for Mandamus," requesting this Court to order the trial court to appoint "competent and effective legal counsel" to assist him on appeal. It is unnecessary to entertain this request in light of the fact that defendant is now represented by appointed counsel who has filed an enumeration of errors and brief on behalf of defendant and in the light of our holding in Division 1 of this opinion.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED JULY 2, 1992.

*William M. Shurling III*, for appellant.
Larry Stuckey, *pro se.*
*Willis B. Sparks III, District Attorney, Vernon R. Beinke, Thomas J. Matthews, Assistant District Attorneys*, for appellee.

---

[1] The judgment of conviction was entered during the December 1991 term of court and the motion to withdraw the guilty plea was filed during the February 1992 term of court. OCGA § 15-6-3 (23) (A).