A94A1932. CHIVES v. THE STATE.
(449 SE2d 152)

BIRDSONG, Presiding Judge.
Appellant Claude Lee Chives, an indigent, appeals his judgment of conviction and sentence. Appellant was indicted for one count of burglary, five counts of entering a motor vehicle, and five counts of theft by taking. The assistant district attorney filed a motion to nolle prosequi one count of entering a motor vehicle for reason of insufficient evidence; subsequently, he filed a motion to nolle prosequi the five counts of theft by taking "per plea agreement with defendant."

The motions were granted on December 28, 1993 and January 12, 1994, respectively. On January 12, 1994 (during the January Term of court; OCGA § 15-6-3 (15)), appellant entered a plea of guilty to one count of burglary and four counts of entering a motor vehicle. Sentencing was scheduled for April 1, 1994. On March 30, 1994 (during the March Term of court; OCGA § 15-6-3 (15)), appellant filed a notice of withdrawal of plea prior to sentencing, pursuant to OCGA § 17-7-93. Appellant was compelled to appear before the superior court on April 5, 1994, and sentence was orally imposed for the charges to which he had pled guilty; judgment of conviction and sentence were "pronounced" when the trial court orally announced sentence. See generally *State v. Germany*, 246 Ga. 455 (271 SE2d 851). Final disposition was not filed until April 20, 1994. Appellant's sole enumeration is that the trial court erred in derogation of OCGA § 17-7-93 (b) by sentencing him after his notice of withdrawal of plea. *Held*:

" ' "OCGA § 17-7-93 (b) permits a defendant to withdraw a guilty plea *as a matter of right* before sentence is pronounced." ' " (Emphasis supplied.) *Kimbril v. State*, 197 Ga. App. 341 (398 SE2d 416). OCGA § 17-7-93 (b) is clear and unambiguous on its face. This is a long-standing statutory right. See, e.g., *State v. Germany*, supra; *Ware v. State*, 128 Ga. App. 407 (196 SE2d 896). When, as here, the plain language of the statute is susceptible of only one meaning, courts must follow that meaning unless to do so would produce contradiction or absurdity. *Sizemore v. State*, 262 Ga. 214, 216 (416 SE2d 500). The record before us reveals that appellant filed written notice of his withdrawal of the guilty plea *before* judgment of conviction and sentence were pronounced. Accordingly, appellant had a statutory right to withdraw his guilty plea *at any time* before sentence was pronounced. OCGA § 17-7-93 (b).

The State correctly concedes that its reliance at trial on *Stuckey v. State*, 204 Ga. App. 793 (420 SE2d 655) is misplaced; appellant, unlike defendant Stuckey, gave notice of his withdrawal of guilty plea before judgment of conviction and sentence were pronounced. Compare *Conlogue v. State*, 243 Ga. 141 (1, 6) (253 SE2d 168), rev'd on other grounds, *Smith v. State*, 253 Ga. 169 (316 SE2d 757). However, the State contends the judgment in this case must be affirmed, as the trial court's ruling was correct, and that appellate courts will not reverse a correct judgment or decision of a trial court regardless of the reason given therefor. *Tony v. Pollard*, 248 Ga. 86 (1) (281 SE2d 557); *Dorminey v. State*, 205 Ga. App. 806, 807 (1) (423 SE2d 698). In support of this contention the State, citing *Martin v. State*, 207 Ga. App. 861 (429 SE2d 332) and *King v. State*, 91 Ga. App. 388 (85 SE2d 637), asserts that appellant was precluded from withdrawing from his agreement because he had entered a negotiated plea agreement with

the State and had received certain benefits by virtue of that agreement. Both *Martin*, supra, and *King*, supra, are inapposite and are not controlling. *Martin*, supra, does not address the issue of the withdrawal of a guilty plea prior to sentencing. It is well established that questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been decided so as to constitute precedent. *Gordy Tire Co. v. Dayton Rubber Co.*, 216 Ga. 83, 89 (1) (114 SE2d 529). In *King*, supra, appellant did not attempt to withdraw his guilty plea until *after* sentencing was pronounced; in fact, the court in *King*, supra at 389, reaffirms that "[b]efore sentence is pronounced a plea of guilty may be withdrawn as a matter of right."

Additionally, examination of the sentencing hearing reveals that the State, citing *Stuckey*, supra, informed the trial judge, regarding appellant's withdrawal of guilty plea, that "the superior court does not have any discretion in the matter and it simply cannot be done." The trial court, after acknowledging its familiarity with the *Stuckey* decision, stated: "I feel *constrained* to sentence you today." (Emphasis supplied.) Thus, a fair risk exists that the trial court was laboring under the impression that it was precluded by the *Stuckey* decision from allowing appellant to withdraw his guilty plea when, in fact, appellant had a statutory right to do so. "The right for any reason rule does not apply when the court acts upon an erroneous legal premise." (Punctuation omitted.) *State v. Roe*, 211 Ga. App. 129, 130 (2) (438 SE2d 186) and cases cited therein.

In view of the posture of the record, we are compelled to conclude that appellant had an *unqualified* statutory right to withdraw his guilty plea *at any time* before judgment was pronounced by oral announcement of sentence by the trial court. OCGA § 17-7-93 (b). If a modification is desired as to this unambiguous and long-standing statute, it is a matter for legislative rather than judicial relief.

*Judgment reversed. Blackburn and Ruffin, JJ., concur.*

DECIDED OCTOBER 5, 1994.

*Betty S. Frazer*, for appellant.
*Britt R. Priddy, District Attorney, Kenneth B. Hodges III, Assistant District Attorney*, for appellee.

