A95A0069, A95A0070. JARRETT v. THE STATE; and vice versa.
(458 SE2d 414)

JOHNSON, Judge.

John Jarrett, while represented by counsel, entered a plea of guilty to simple battery and a plea of nolo contendere to simple assault. On the simple battery charge, the trial court sentenced Jarrett to twelve months, three months to be served in confinement, the remainder on probation. In addition, Jarrett was ordered to undergo counseling, pay a fine and make restitution. The trial court also sentenced Jarrett to 12 months probation on the simple assault charge, to run consecutively to the first sentence. Ten months after sentencing, Jarrett moved to withdraw the pleas, claiming the pleas were not knowingly and willingly made, the sentences amounted to cruel and unusual punishment, and the sentencing judge was biased. The state moved to dismiss Jarrett's motion to withdraw his pleas as untimely because it was filed after the term in which the pleas were entered. After the sentencing judge recused herself, the assigned judge granted Jarrett's motion to withdraw his nolo contendere plea to simple assault, denied Jarrett's motion to withdraw his guilty plea to simple battery, and denied the state's motion to dismiss Jarrett's motion. In Case No. A95A0069, Jarrett appeals from the trial court's denial of his motion to withdraw the guilty plea to simple battery. In Case No. A95A0070, the state appeals from the grant of Jarrett's motion to withdraw the nolo contendere plea to simple assault and from the denial of its motion to dismiss Jarrett's motion.

*Case No. A95A0069*

1. Jarrett contends the assigned judge erred in not allowing him to withdraw his guilty plea because the sentencing judge failed to notify him that she intended to reject the negotiated plea, in violation of Uniform Superior Court Rule 33.10. The state argues that the assigned judge properly refused to allow Jarrett to withdraw the plea because, among other things, Jarrett's motion was untimely. We agree with the state.

The state court judge entered Jarrett's sentences on December 14, 1992. That term of court ended in January 1993. Ga. L. 1987, p. 4773, § 1. Jarrett filed his motion to withdraw his pleas on October 14, 1993, more than four terms after the term in which the sentences were entered. "A defendant may withdraw his plea of guilty as a matter of right before sentencing is pronounced. Even after sentencing, the trial court would have discretion to allow withdrawal of the plea prior to the expiration of that term of court. After the term, the prescribed means to withdraw the plea would be through habeas corpus proceedings." (Citations and punctuation omitted.) *Sanders v. State*, 179 Ga. App. 168 (1) (345 SE2d 677) (1986). "As to any attempt to modify a judgment, the trial court loses jurisdiction after the term. This rule applies equally to a withdrawal of a plea; otherwise, there would be no limit to time to withdraw a plea and no end to the case. . . . [T]he trial court was without authority to permit [Jarrett's] plea to be withdrawn [four terms] after sentence." *State v. Kight*, 175 Ga. App. 65, 66 (1) (332 SE2d 363) (1985).

Jarrett argues that because the sentencing judge did not comply with superior court rules regarding the acceptance of pleas, the sentences are void and that void sentences are not controlled by jurisdictional time constraints. Jarrett's argument that the time limits applicable to the withdrawal of pleas do not apply to void sentences is correct. The argument, however, does not support this enumeration. Where a sentence is void, meaning it imposes punishment that the law does not allow, the court may *resentence* the defendant at any time. *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991); *Wade v. State*, 231 Ga. 131, 133 (II) (200 SE2d 271) (1973). We note that we have examined the record and do not believe Jarrett's sentences are void. Even assuming his sentences are void, however, the trial court is only authorized under such circumstances to impose new and valid sentences. See *Gonzalez v. State*, 201 Ga. App. 437, 438 (411 SE2d 345) (1991); *Sherman v. State*, 142 Ga. App. 691, 692 (237 SE2d 5) (1977). The court here did not resentence Jarrett, but allowed him to withdraw his plea. Our research reveals and Jarrett cites no cases authorizing the trial court to allow the withdrawal of a plea after the expiration of the term, even where the sentence is void. In fact, it is well established that after the expiration of the term and of the time for filing an appeal from the conviction, the *only* remedy available to the defendant for withdrawing a plea is through habeas corpus proceedings. *Sherwood v. State*, 188 Ga. App. 295 (1) (372 SE2d 677) (1988); *Staley v. State*, 184 Ga. App. 402 (361 SE2d 702) (1987). Jarrett's motion to withdraw pleas, filed against the state in the county of his conviction, cannot be considered a habeas corpus petition. See *Stargell v. State*, 204 Ga. App. 45 (418 SE2d 372) (1992).

In arguing that because the pleas are not valid, the sentences are void and therefore no time limits apply, Jarrett is attempting to circumvent the well-settled rule that after the court term and appeal period have expired, pleas may be withdrawn only through a habeas corpus proceeding. He cannot do indirectly what the law says cannot be done directly. See *Johnson v. State*, 156 Ga. App. 496, 498 (274 SE2d 837) (1980). The judge did not err in denying Jarrett's untimely motion to withdraw his plea. See *Stuckey v. State*, 204 Ga. App. 793, 794 (1) (420 SE2d 655) (1992).

2. Jarrett's second enumeration, that the sentencing judge failed to establish on the record a factual basis for the pleas, as required by Uniform Superior Court Rules 33.9 and 33.11 (C), was neither argued nor ruled upon below. This court will not consider issues which were not raised and passed upon in the trial court. *Morgan v. State*, 212 Ga. App. 394, 395 (1) (442 SE2d 257) (1994).

3. Jarrett contends that the assigned judge should have allowed him to withdraw his guilty to simple battery plea because it was connected to and plagued by the same problems as the simple assault plea. Because the motion to withdraw his pleas was untimely, the trial court was without jurisdiction to allow the withdrawal of either plea. This enumeration is therefore without merit.

### Case No. A95A0070

4. In its appeal, the state argues that the judge erred in allowing Jarrett to withdraw his nolo contendere plea because, inter alia, the motion was untimely. As discussed in Division 1 above, the motion was untimely and the court was without jurisdiction to consider it. The trial court therefore erred in granting Jarrett's motion. For the same reason, the trial court erred in denying the state's motion to dismiss Jarrett's motion.

Accordingly, the posture of these appeals is as follows: The judgment of the trial court granting the motion to withdraw the nolo contendere plea to simple assault is reversed, and the plea and sentence are reinstated. The trial court's order denying Jarrett's motion to withdraw the guilty plea to simple battery is affirmed. The trial court's order denying the state's motion to dismiss Jarrett's motion to withdraw the pleas is reversed.

*Judgment in Case No. A95A0069 affirmed. Judgment in Case No. A95A0070 reversed. Birdsong, P. J., and Smith, J., concur.*

DECIDED JUNE 20, 1995.

*H. Bradford Morris, Jr.*, for appellant.
*Jerry Rylee, Solicitor, Brett D. Turner, Assistant Solicitor*, for

appellee.