## A96A1047. THE STATE v. JOHNSON.
(473 SE2d 593)

JOHNSON, Judge.

While represented by counsel, John E. Johnson, Jr., entered a plea of guilty to charges of driving while under the influence of alcohol, attempting to elude a law enforcement officer, and driving with a suspended license. Johnson was sentenced by the State Court of Gwinnett County and, more than a year later, filed a motion in state court to withdraw his plea, claiming it was not knowingly, intelligently, freely or voluntarily made. The trial court granted his motion. The state appeals, arguing that the trial court erred in allowing the guilty plea to be withdrawn when the motion was filed outside the term of court in which the judgment was entered. We agree and reverse.

The trial court's authority to grant a motion to withdraw a guilty plea ends with the term of court in which the judgment of conviction is entered. *State v. Kight*, 175 Ga. App. 65, 66 (1) (332 SE2d 363) (1985). The terms of court for the State Court of Gwinnett County begin in January, March, May, July, September and November. Ga. L. 1981, pp. 3034-3035, § 2. The state court's judgment of conviction in this case was entered on October 3, 1994, during its September 1994 term. The order granting the motion was entered in December 1995, during the court's November 1995 term, a full seven terms and more than a year beyond the term in which the judgment was entered. The trial court therefore lacked authority to allow Johnson to withdraw his plea. See *Jarrett v. State*, 217 Ga. App. 627, 628 (1) (458 SE2d 414) (1995). At the time of his motion, the only remedy available to Johnson would have been through habeas corpus proceedings. See *Lowery v. State*, 188 Ga. App. 411 (373 SE2d 261) (1988). Inasmuch as the trial court here was not a superior court, it lacked jurisdiction to treat the motion as a habeas corpus proceeding. *Thigpen v. State*, 165 Ga. App. 837, 838 (303 SE2d 81) (1983). The trial court erred in granting Johnson's motion.

*Judgment reversed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED JULY 9, 1996.

*Gerald N. Blaney, Jr., Solicitor*, for appellant.
*Phyllis Miller*, for appellee.