## A97A0304. DORROUGH v. THE STATE.
### (486 SE2d 644)

RUFFIN, Judge.

Jim Tom Dorrough was indicted in Clayton County for armed robbery, kidnapping, and sexual battery. Through a negotiated plea agreement, Dorrough pleaded guilty to armed robbery on June 1, 1994. The State nolle prossed the remaining kidnapping and sexual battery counts. Dorrough now challenges his guilty plea on appeal. For reasons which follow, we affirm in part and dismiss the appeal in part.

The record shows that Dorrough filed a timely notice of appeal following his plea. Because of significant confusion over Dorrough's representation on appeal, however, we remanded the case for the Clayton County Superior Court to consider "[trial counsel's] request to withdraw as [Dorrough's] court-appointed attorney and determine whether another attorney should be appointed to represent [Dorrough] on appeal with appropriate findings thereon." We further provided that upon resolution of these issues, Dorrough could reinitiate his appeal.

Following remand, the trial court permitted Dorrough's trial counsel to withdraw and appointed new appellate counsel. Subsequently, on March 21, 1996, Dorrough filed a "Motion to Allow Arguably Out-of-Time Motion to Set Aside Guilty Plea." He simultaneously filed a motion to set aside his plea. In response, the State moved to dismiss Dorrough's motion to set aside as untimely. The

---

trial court granted the State's motion, finding that "many terms of the Court have passed preventing the Court from even considering ruling on [Dorrough's] motion." Dorrough then refiled his notice of appeal.

1. Dorrough argues that the trial court erred in denying his "Motion to Allow Arguably Out-of-Time Motion to Set Aside Guilty Plea" and dismissing his motion to set aside the plea. We disagree.

"During the term in which they are rendered, judgments of criminal conviction are in the breast of the trial court and may, therefore, be vacated for good cause shown. However, after the original term has passed, a motion to vacate and set aside the judgment is not an appropriate remedy in a criminal case. This rule applies equally to a withdrawal of a plea; otherwise, there would be no limit to time to withdraw a plea and no end to the case." (Citations and punctuation omitted.) *State v. James*, 211 Ga. App. 149 (2), 150 (438 SE2d 399) (1993). Thus, "[t]he trial court's authority to grant a motion to withdraw [or set aside] a guilty plea ends with the term of court in which the judgment of conviction is entered. [Cit.]" *State v. Johnson*, 222 Ga. App. 156 (473 SE2d 593) (1996).

The terms of court for the Superior Court of Clayton County commence on the first Monday in February, May, August, and November. OCGA § 15-6-3 (10). Dorrough's guilty plea was entered on June 1, 1994, during the May 1994 term of court. See id. He moved to set aside that plea over 20 months and several terms later, on March 21, 1996. The trial court clearly lacked jurisdiction to set aside the plea as requested. *Johnson*, supra. Accordingly, we affirm the trial court's decision dismissing Dorrough's motion to set aside the plea and denying his motion to allow "out-of-time" motion to set aside the plea.

2. Dorrough also argues directly on appeal that his guilty plea was not voluntary and that he was denied effective assistance of counsel when entering the plea.

As recently reaffirmed by our Supreme Court, an appealing defendant may directly challenge a guilty plea where the question on appeal can be resolved through facts appearing in the record. *Caine v. State*, 266 Ga. 421 (467 SE2d 570) (1996). This rule applies to Dorrough's allegation that his plea was involuntary, as well as his claim that he was denied effective assistance of counsel when entering the plea. Id. "Thus, the merits of [Dorrough's] appeal can be addressed if, and only if, the questions that he seeks to raise on appeal may be resolved by facts appearing in the record, including the transcript of his guilty plea hearing." Id.

Dorrough does not claim that the trial court followed an improper procedure in accepting his plea. He argues instead that his plea was based on "false and incorrect information" that trial counsel

should have corrected. We find that the relevant issues cannot be resolved through review of the current record and guilty plea transcript. Rather, they "can be developed only in the context of a post-plea hearing" regarding the allegedly false information, its effect on the plea, and trial counsel's actions. Id. at 422.

We recognize that Dorrough sought an evidentiary hearing on these issues through his motion to set aside the guilty plea. As found in Division 1, however, the trial court properly dismissed that motion. Had Dorrough filed a timely motion to withdraw his plea, he could have fully aired his challenge below and pursued an appeal if unsuccessful. Id. Yet, "in this case there was no such [timely] motion or hearing and, thus, no appeal from an order denying the motion. The issues which [Dorrough] raises cannot be resolved only by facts appearing in the existing record. Accordingly, he was not entitled to file a notice of direct appeal." Id.

As explained by the Supreme Court, "a delay in filing a motion to withdraw the guilty plea beyond the term of court in which the guilty plea was accepted would have the same effect on the timely resolution of the issue as would a delay in filing a direct appeal beyond the expiration of the appeal period. In either instance, the defendant would be relegated to the remedy of habeas corpus. [Cits.]" Id. This portion of Dorrough's appeal, including both challenges to his guilty plea, must be dismissed. Id.

*Judgment affirmed in part and appeal dismissed in part. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED MAY 6, 1997.

Before Judge Kilpatrick.

*Martin L. Cowen III*, for appellant.

*Robert E. Keller, District Attorney, Nancy Trehub, Assistant District Attorney*, for appellee.