A97A1605, A97A1606. LEWIS v. THE STATE (two cases).
(494 SE2d 678)

BIRDSONG, Presiding Judge.

In 1994 Jeremy Patrick Lewis was charged in Cherokee County Superior Court in two indictments with several violations of the Georgia Controlled Substances Act (GCSA), possession of a firearm by a convicted felon, and for being a recidivist. He pled guilty. The denials of his motions to withdraw guilty pleas were appealed to this Court in 1994, but because no orders denying the motions were filed, the case was remanded for completion of the record and for possible

appointment of new counsel. After our March 1995 remand, the trial court did not appoint new counsel until December 1995. On April 12, 1996, the trial court finally filed orders in an effort to comply with our March 1995 dictate to complete the record. Counsel then waited until September 1996 to file "amendments" to the motions to withdraw the guilty pleas. After a hearing the trial court ruled in January 1997. Those rulings are the subject of these appeals.

These are the underlying facts:

In 1994 Jeremy Patrick Lewis was in jail subject to Indictment 146 charging him with possession of cocaine and marijuana with intent to distribute and of being a recidivist. In May 1994 he was indicted in Indictment 206 alleging that while he was in jail, he thrice did "Attempt to Violate [the GCSA] (OCGA § 16-13-33)" by attempting to possess lysergic acid and marijuana; and that he was an Habitual Violator so sentenced in 1988 in Fulton and DeKalb Counties, and had also been convicted in 1992 in Gwinnett County for two counts of violating the GCSA and one count of possession of a firearm by a convicted felon.

Appellant was called to trial on Indictment 146 after being indicted in Indictment 206 for trying to get drugs while in jail. The State announced its intent to present the charges in Indictment 206 as similar transactions. Appellant then entered a plea of guilty to all counts.

Appellant's timely filed motions to withdraw his pleas and for reconsideration were denied in June 1994. Appellant filed a timely appeal. He contended he had not been advised of the effect of his guilty pleas to the recidivist counts. His attorney sought to withdraw because appellant was thus claiming ineffective assistance. As stated above, by order of March 1, 1995 we remanded the case "for completion of the proceedings and record below" because there were no written orders denying the motions to withdraw pleas.

Our remittitur was made the judgment of the trial court in March 1995. On April 9, 1995 appellant wrote the judge saying he had had ineffective assistance and had to have another attorney appointed. On April 18, appellant wrote the court clerk seeking a hearing on effectiveness of counsel. On April 27, 1995, trial counsel withdrew, but the trial court did not appoint new counsel until December 1995.

On April 12, 1996, the trial court filed orders in an effort to comply with our March 1995 remand. These two orders addressed the 1994 motions to withdraw pleas on grounds that counsel did not advise him there was a 30-years-to-serve mandatory sentence for recidivists. Without elaboration, the court held there was no basis for allowing a plea withdrawal. In December 1995, the trial court appointed new counsel. After the March 1996 entry of orders denying

appellant's original motion to withdraw guilty pleas, new counsel in September 1996 filed "amendments" to the motions to withdraw pleas, raising new issues. After a hearing in October 1996, the trial court held that appellant had not received inadequate assistance of counsel and that it had no jurisdiction to hear the 1996 motion to withdraw pleas.

Appellant cites numerous errors on appeal as this 1997 ruling. For the reasons below, we will not address most of those enumerations. *Held*:

1. The superior court's jurisdiction to entertain a motion to withdraw a guilty plea ends after the term of court in which the judgment of conviction was rendered. *State v. Johnson*, 222 Ga. App. 156 (473 SE2d 593); *Stuckey v. State*, 204 Ga. App. 793 (420 SE2d 655); *Stargell v. State*, 204 Ga. App. 45 (418 SE2d 372); *Harden v. State*, 177 Ga. App. 531 (339 SE2d 793). In *Jarrett v. State*, 217 Ga. App. 627, 628 (458 SE2d 414) we held that even a void sentence is subject to the same jurisdictional restraints. As in *Jarrett*, we find no cases authorizing the trial court to allow the withdrawal of a plea after the expiration of the term. It is well established that after the expiration of the term and of the time for filing an appeal from the conviction, the *only* remedy available to the defendant for withdrawing a plea is through habeas corpus proceedings. *State v. Johnson*, supra.

While the case was on appeal, supersedeas attached, and we remanded this case in March 1995 so the trial court could complete the record by entering the orders denying appellant's 1994 motion to withdraw his guilty pleas, and so it could appoint new counsel. The March 1995 remand was not an open-ended invitation to the trial court to enter those orders at its leisure and to entertain further motions, and its jurisdiction did not allow such further actions. Its task was simply to supply the missing orders by which it had denied appellant's 1994 motions to withdraw pleas and to reconsider. However, the trial court did not issue orders denying appellant's 1994 motions to withdraw pleas until April 1996. When jurisdiction of the case was returned to the trial court, it was obliged to act promptly on the appellate directive in order to satisfy appellant's due process right, but the dilatoriness in processing this appellant's due process rights may have worked to appellant's advantage, so all parties share in the responsibility for the delay.

The trial court may have appeared to have continued jurisdiction of the case because of its statement in its most recent orders that "the defendant's original motion to withdraw his plea [was not] filed until September 1996." In fact, however, appellant filed his "original motion" to withdraw his pleas in 1994 and it was ruled on in 1994. The 1996 "amended" motions seeking to withdraw pleas were long out of that court's jurisdiction to allow (or deny) withdrawal of guilty

pleas under *Stuckey*, supra. The rule stated in *Harden, Stargell, Jarrett*, and *Stuckey*, supra, — that the trial court's jurisdiction to "entertain" a motion to withdraw a guilty plea ends after the term of court in which the conviction was rendered — applies equally to the trial court's re-acquisition of jurisdiction of the conviction as in this case. After re-acquiring jurisdiction in March 1995 the trial court had only until the end of that term to complete its rulings by issuing orders denying appellant's 1994 motions to withdraw. The term ended the day before the second Monday in May, when the next term began in the Blue Ridge Circuit which includes Cherokee County. OCGA § 15-6-3 (6) (A). After the beginning of the next term, May 2, the trial court had no further jurisdiction to issue orders denying appellant's 1994 motions to withdraw so that a proper appeal could be had.

The April 1996 order denying appellant's 1994 motions to withdraw pleas was therefore without jurisdiction.

2. The superior court's duty in the first instance, in 1994 when these pleas were entered, was to create a record and to issue orders showing that the guilty pleas were freely and voluntarily made and that a factual basis existed for the guilty pleas. Uniform Superior Court Rule 33. See *State v. Evans*, 265 Ga. 332 (454 SE2d 468); and see USCR 33.9, which requires the trial court to "make [ ] such inquiry on the record as may satisfy him that there is a factual basis for the plea." *Evans*, supra at 334; see also *Woody v. State*, 229 Ga. App. 823 (494 SE2d 685). As to appellant's guilty pleas to Indictment 206, the order did not satisfy the requirement in *Evans* that a factual basis for the pleas be shown. "Attempts" charged under OCGA § 16-13-33 must be sufficient in fact under OCGA § 16-13-33 to amount to a consummated crime, and mere preparatory acts which do not proximately lead to its consummation do not constitute an attempt to commit the crime under such cases as *Smith v. State*, 156 Ga. App. 695, 696 (275 SE2d 689) and *Guzman v. State*, 206 Ga. App. 170, 171 (424 SE2d 849).

3. The trial court did not have jurisdiction to entertain a motion for new trial based on ineffectiveness of counsel, because the issue was not raised at the "earliest practicable" opportunity. The failure to raise and pursue the issue of ineffectiveness of counsel in the trial court is a procedural bar to making it in this Court. *Sartin v. State*, 223 Ga. App. 759 (479 SE2d 354). On March 9, 1995, before our remittitur was made the judgment of the court below, appellant sent a letter to the trial judge saying he had learned his trial counsel would serve as appellate counsel and that he would have to have another attorney appointed for appeal "because there is and will be a conflict between us . . . because my appeal is based on inadequate and ineffective counsel." Appellant did not, however, file any plead-

ing raising the issue of ineffective assistance of counsel nor did he ask for a hearing until nearly a year later, in April 1996. It does not appear from the record that appellant pursued his first mention of such a claim after his letter to the judge in March 1995 when he mentioned the claim in a letter written to the judge in connection with getting another attorney appointed.

The purpose of requiring this issue to be raised at the earliest practicable opportunity is to facilitate the orderly satisfaction of due process rights and to facilitate judicial economy. This case was already unreasonably burdened with repeated procedural problems despite appellant's more than passing familiarity with criminal procedure, as the trial court found; to allow this issue to be raised in this Court years after the record in the first case has been destroyed would be unreasonably burdensome to all courts and all defendants. As the issue of ineffectiveness of counsel was not timely raised and resolved, the trial court could not rule on it. *Sartin*, supra.

4. Even assuming that the trial court's April 1996 orders denying appellant's 1994 motions to withdraw pleas were not void for lack of jurisdiction as held in Division 1, appellant did nothing to perfect a right to appeal from the trial court's orders of April 1996. Appellant was not relieved of the necessity to appeal these April 1996 orders denying his 1994 motions to withdraw pleas. No document of record indicates that any procedural anomaly exists which would allow appellant not to appeal the April 1996 orders within 30 days. Accordingly, he may not now appeal those orders, even if they had been made within the jurisdiction of the court.

The trial court's 1997 orders, which are the subject of this appeal are void as the court was without jurisdiction to hear a claim of ineffectiveness of counsel, and are therefore vacated. According to the holdings above, the trial court was without jurisdiction to hear anything after May 1, 1995 when the term of the remittitur ended, no motion raising ineffectiveness of counsel having been filed at the "earliest practicable" opportunity within the time when any court had jurisdiction.

*Judgment vacated. Ruffin and Eldridge, JJ., concur.*

DECIDED SEPTEMBER 24, 1997 —
RECONSIDERATION DENIED OCTOBER 28, 1997 —

*Gregory A. Hicks*, for appellant.
Jeremy P. Lewis, *pro se.*

*Garry T. Moss, District Attorney, Cecelia Harris, Assistant District Attorney,* for appellee.