A97A2344. FOSKEY v. THE STATE.
(493 SE2d 595)

McMURRAY, Presiding Judge.

On July 21, 1993, defendant Foskey entered a plea of guilty of the offense of burglary and was sentenced to confinement for a period of 20 years. On June 3, 1997, almost four years and eleven terms of court past the date of his conviction and sentence, defendant filed a motion to withdraw his plea of guilty based on contentions that the State had not honored the agreement made at the time of his plea and that the agreement bestowed upon him the option of withdrawing the plea whenever the agreement was dishonored by the State. This appeal is taken from the denial of defendant's motion to withdraw his plea. *Held*:

"The trial court's authority to grant a motion to withdraw a guilty plea ends with the term of court in which the judgment of con-

viction is entered. *State v. Kight*, 175 Ga. App. 65, 66 (1) (332 SE2d 363) (1985). . . . The trial court therefore lacked authority to allow [Foskey] to withdraw his plea. See *Jarrett v. State*, 217 Ga. App. 627, 628 (1) (458 SE2d 414) (1995). At the time of his motion, the only remedy available to [Foskey] would have been through habeas corpus proceedings. See *Lowery v. State*, 188 Ga. App. 411 (373 SE2d 261) (1988)." *State v. Johnson*, 222 Ga. App. 156 (473 SE2d 593). Since the trial court lacked jurisdiction to consider the substantive issues Foskey raised in his motion, the order appealed from is a nullity. Since the order denying Foskey's motion is void, the trial court is directed to strike it from the record and dismiss the motion to withdraw Foskey's plea for lack of jurisdiction. *Cabell v. State*, 221 Ga. App. 192 (471 SE2d 222).

*Judgment vacated and case remanded with direction. Beasley and Smith, JJ., concur.*

DECIDED NOVEMBER 5, 1997.

Marshall Foskey, *pro se.*

Timothy G. Vaughn, *District Attorney*, Russell P. Spivey, *Assistant District Attorney*, for appellee.