## A98A0286. FOSKEY v. THE STATE.
### (501 SE2d 856)

BIRDSONG, Presiding Judge.

On July 23, 1993, Marshall Foskey pled guilty to 18 counts of burglary in Coffee County, and his sentences were made consecutive and concurrent to sentences passed in the counties of Ben Hill, Jeff Davis, Atkinson, Lowndes, Appling, and Glynn.

On August 4, 1997, Foskey filed a motion entitled "Out of Time Appeal" in Coffee County Superior Court. The motion sought to withdraw his guilty pleas. The trial court denied it and Foskey's motion for reconsideration. This appeal follows. *Held*:

"The superior court's jurisdiction to entertain a motion to withdraw a guilty plea ends after the term of court in which the judgment of conviction was rendered." *Lewis v. State*, 229 Ga. App. 827, 829 (1) (494 SE2d 678); *Dorrough v. State*, 226 Ga. App. 362, 363 (486 SE2d 644); *Cabell v. State*, 221 Ga. App. 192 (471 SE2d 222); *Stuckey v. State*, 204 Ga. App. 793 (420 SE2d 655); *Jarrett v. State*, 217 Ga. App. 627, 628 (458 SE2d 414). For general procedural considerations, see *Bice v. State*, 212 Ga. App. 184 (441 SE2d 507).

Furthermore, "[i]t is well established that after the expiration of the term and of the time for filing an appeal from the conviction, the *only* remedy available to the defendant for withdrawing a plea is through habeas corpus proceedings. *State v. Johnson*, [222 Ga. App. 156 (473 SE2d 593)]." *Lewis*, supra.

Appellant contends that at the time he filed his motion seeking to withdraw guilty pleas, he was unaware that the superior court lacked jurisdiction to grant such relief, that this was an honest mis-

take on his part, and that the State is abusing his rights by arguing against this motion. However, when a court has no jurisdiction over a matter, it has no *power* to hear that matter. Jurisdiction is an ancient, formalized concept which prevents courts from abusing all persons by hearing matters which should properly be decided in another court or proceeding; the concept also prevents parties from abusing the orderly process of the courts. See generally *In the Interest of I. B.*, 219 Ga. App. 268 (464 SE2d 865). If a court has no jurisdiction to hear a matter, neither the State nor the defendant has a power or right to relax those jurisdictional rules so as to have the matter heard.

Appellant's many enumerations of error deal with the merits of whether his guilty pleas were properly made and accepted in 1993 and whether his concept of an "out of time" appeal to address his complaints concerning his 1993 guilty pleas should have been heard and granted. However, we have no authority to consider these enumerations, for the trial court was without jurisdiction to hear the request to withdraw guilty pleas. As to whether he should have an "out of time" appeal, the proper procedure was for the defendant to seek to withdraw his guilty pleas, but he was required to do so at the proper time. *Lewis*, supra; *Dorrough*, supra; *Cabell*, supra; *Stuckey*, supra. Otherwise, the appellant's remedy is by habeas corpus proceedings, as we said above. *State v. Johnson*, supra.

Since the trial court lacked jurisdiction even to consider the substantive issues Foskey raised in his motion, the order appealed from is vacated because it is a nullity and it is void. Thus, the trial court is directed to dismiss for lack of jurisdiction the motion for out of time appeal by which appellant seeks to withdraw his guilty pleas. See *Foskey v. State*, 229 Ga. App. 209, 210 (493 SE2d 595), another appeal by which appellant attempted the same void procedure.

*Judgment vacated and case remanded with direction. Johnson and Smith, JJ., concur.*

DECIDED APRIL 17, 1998.

*Marshall Foskey, pro se.*
*Richard E. Currie, District Attorney, Kevin E. Hutto, Assistant District Attorney*, for appellee.

