## A00A1065. BRYANT v. THE STATE.

(539 SE2d 523)

RUFFIN, Judge.

James Lewis Bryant was charged with two counts of selling cocaine and two counts of possession of cocaine with intent to distribute. On August 31, 1998, as part of a negotiated plea, Bryant pled guilty to one count of selling cocaine, and the trial court entered orders of nolle prosequi on the remaining charges. On June 28, 1999, Bryant filed a motion for an out-of-time appeal. The trial court denied the motion, and Bryant appeals. For reasons that follow, we affirm.

In limited circumstances, an out-of-time appeal is appropriate where no appeal has been taken.[1] However, such direct appeal will lie from a judgment of conviction and sentence entered on a guilty plea "only if the issue on appeal can be resolved by facts appearing in the record."[2] "The denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, and the trial court's decision will not be reversed absent an abuse of such discretion."[3] We find no abuse of discretion here.

As the trial court correctly noted, Bryant has failed to show that the issues he seeks to raise on appeal can be resolved by reference to facts in the record. First, Bryant contends that the prosecution presented false evidence to the grand jury in obtaining his indictment. Ordinarily, an indictment is challenged by filing a motion to quash,[4] which Bryant failed to do. Assuming, for the sake of argument, that he may still raise the issue on appeal, it presents no basis for reversal. There is a presumption that an indictment was returned

---

[1] *Morrow v. State*, 266 Ga. 3 (463 SE2d 472) (1995).

[2] Id.

[3] *Dover v. State*, 237 Ga. App. 797, 798 (516 SE2d 839) (1999).

[4] See *Jackson v. State*, 208 Ga. App. 391, 392 (1) (430 SE2d 781) (1993) ("[T]he burden is on a defendant seeking to quash an indictment to overcome the presumption that it was returned on legal evidence by showing that there was no other competent evidence upon which it could lawfully have been returned.").

on legal evidence, and Bryant bears the burden of proving otherwise.[5] Bryant, however, points to nothing in the record to support his contention that such illegal evidence was tendered.

Second, Bryant suggests that the "private citizen," or confidential informant, who participated in the controlled buy of drugs had an opportunity to switch the drugs that Bryant allegedly sold. Thus, Bryant seems to argue that the evidence of his guilt would have been insufficient to support his conviction.[6] At the hearing during which Bryant pled guilty, the prosecutor set forth the factual basis as follows:

> [O]n October 17th, 1997, CNT (Chatham Narcotics Team) wired . . . a cooperating source's vehicle with video. The cooperating source went out . . . on Habersham Street [and] made a purchase of crack cocaine from the Defendant. It's on videotape. We showed the videotape to the Defendant and his attorney. They took the substance, they tested it, [and] it came back positive for cocaine.

After hearing this recitation of the facts, the defendant stated on the record that he was guilty and would enter a guilty plea to one count of selling cocaine, and he stated that his plea was voluntary. Given Bryant's admission to the facts, the trial court was clearly authorized to find a factual basis for the plea.

Third, Bryant contends that his attorney, the prosecutor, and the trial court "tricked" him into pleading guilty by telling him that he would only have to serve 36 to 48 months of his life sentence before being paroled. Again, we have reviewed the record, and it provides no support for Bryant's contention.

Fourth, Bryant contends that the trial court failed to comply with Uniform Superior Court Rules 33.7, 33.8, and 33.9 in accepting his guilty plea. Rule 33.7 requires that, prior to accepting a plea, the trial court determine that the plea is voluntary. Rule 33.8 requires that the court determine both that the defendant understands the nature of the charges against him and that the defendant understands the rights that he is waiving by pleading guilty. Rule 33.9 requires that the trial court not accept the plea without first determining that a factual basis exists for the plea. Contrary to Bryant's contention, the record reflects that the trial court *did* comply with these requirements prior to accepting his guilty plea.

---

[5] Id.

[6] To the extent that Bryant appears to suggest that police are not permitted to use "private citizens" in a sting operation, he provides no legal authority for this novel proposition, and we are aware of no such prohibition.

Fifth, Bryant argues that the trial court erred in failing to properly "define the elements of the crime including intent." But the law does not always require that the trial court personally inform a defendant of the elements of the crime to which he is pleading guilty.[7] This rule is particularly true here, where the elements of the crime — selling cocaine — are "self-evident from [its] nomenclature."[8]

Sixth, Bryant asserts that the trial court erred in denying his motion without first holding a hearing and making findings of fact and determinations of law. It is true that the trial court did not hold a hearing prior to denying Bryant's motion. As we have already stated, however, an out-of-time appeal following a guilty plea is limited in scope to those issues that may be resolved by facts appearing on the record.[9] Thus, no hearing was required in this case as "[i]ssues regarding the effectiveness of counsel are not reached unless the requirement that the appeal be resolved by reference to facts on the record is met."[10]

Seventh, Bryant asserts that his trial attorney rendered ineffective assistance by, among other things, failing to file a motion to suppress, failing to advise him of his constitutional rights, and failing to interview witnesses. We note, however, that "at his guilty plea hearing, [Bryant] indicated that he was completely satisfied with the performance of his attorney."[11] Moreover, the record does not demonstrate either that Bryant had grounds upon which to file a motion to suppress, or had constitutional rights that were violated, or had witnesses who could have helped his case, or that the plea process was defective in any way. For these reasons, the trial court did not err in denying Bryant's motion for an out-of-time appeal.

Finally, Bryant attempts to add issues in his brief that are not contained in any of his enumerated errors. "In order for a Georgia appellate court to review a trial court ruling for legal error, a party must set forth in the enumeration of errors the allegedly erroneous ruling."[12] As Bryant's additional arguments were not included in any of his enumerated errors, we are precluded from addressing them on appeal.[13]

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

---

[7] *Thompson v. State*, 240 Ga. App. 539 (1) (b) (524 SE2d 239) (1999).
[8] Id. at 540.
[9] *Morrow*, supra.
[10] (Punctuation omitted.) *Echols v. State*, 231 Ga. App. 501 (498 SE2d 66) (1998).
[11] *Gibbs v. State*, 239 Ga. App. 249, 250 (1) (a) (519 SE2d 511) (1999).
[12] *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999).
[13] Id.

DECIDED SEPTEMBER 14, 2000.

James L. Bryant, *pro se*.
*Spencer Lawton, Jr., District Attorney, Ian R. Heap, Jr., Assistant District Attorney*, for appellee.