## A03A2370. PITTS v. THE STATE.
(595 SE2d 322)

RUFFIN, Presiding Judge.

In 1994, Gerald Pitts pleaded guilty to rape. In January 2003, Pitts, proceeding pro se, filed a motion for an out-of-time appeal and a "motion for sentence reduction." The trial court denied Pitts' motions, and this appeal ensued.[1] Pitts argues that the trial court erred in denying his motion for an out-of-time appeal. Pitts also contends that (1) the State breached its plea agreement; (2) the trial court conducted an insufficient plea colloquy; (3) he received ineffective assistance of counsel; and (4) the trial court failed to inform him of his appellate rights. For reasons that follow, we affirm.

1. According to Pitts, the trial court predicated its denial of his motion on *Foskey v. State*.[2] In that case, this Court set forth the well-established principle that "[t]he superior court's jurisdiction to entertain a motion to withdraw a guilty plea ends after the term of court in which the judgment of conviction was rendered."[3] Pitts essentially contends that this case is unfair as it deprives him of his right to appeal. However unfair this ruling may seem to Pitts, the fact remains that there is a jurisdictional bar to the superior court entertaining his motion insofar as he seeks to withdraw his guilty plea.[4]

2. Nonetheless, the rule cited in *Foskey* applies only to the extent that Pitts seeks to withdraw his guilty plea.[5] There is no jurisdictional bar to a superior court entertaining a motion for an out-of-time appeal.[6] And, as noted by our Supreme Court, "[a]n out-of-time appeal is occasionally appropriate where, due to ineffective assistance of counsel, no appeal has been taken."[7] But "an appeal will lie from a judgment entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record."[8] With this principle in mind, we review Pitts' remaining allegations of error.

(a) During the plea hearing, the prosecutor testified that Pitts "would plead guilty to [rape], with the understanding that the State would ask for a sentence not to exceed 20 years. We would leave the

---

[1] In its order, the trial court noted that this is the third motion for an out-of-time appeal filed by Pitts and cautioned him against filing frivolous motions.

[2] 232 Ga. App. 303 (501 SE2d 856) (1998). We note, however, that the trial court's order does not cite this case.

[3] (Punctuation omitted.) Id. (citing, inter alia, *Lewis v. State*, 229 Ga. App. 827, 829 (1) (494 SE2d 678) (1997); *Dorrough v. State*, 226 Ga. App. 362, 363 (1) (486 SE2d 644) (1997); *Cabell v. State*, 221 Ga. App. 192 (471 SE2d 222) (1996); *Stuckey v. State*, 204 Ga. App. 793, 794 (1) (420 SE2d 655) (1992)).

[4] See id. at 303-304.

[5] See *Foskey*, supra; *Dorrough*, supra at 363-364 (2).

[6] See *Morrow v. State*, 266 Ga. 3 (463 SE2d 472) (1995).

[7] Id.

[8] Id.

actual amount of time . . . up to the Court, but the State has agreed not to ask for a life sentence." Later during the same hearing, the prosecutor "suggest[ed] that a 20 year sentence would be fully appropriate." According to Pitts, the State breached its plea agreement by initially stating that it would not recommend a sentence and thereafter recommending a 20-year sentence. However, Pitts' contention in this regard is contrary to the record. According to the prosecutor, the agreement was that the State would not ask for a sentence greater than 20 years. And the record shows that the State adhered to this agreement. Thus, we find this allegation of error without merit.

(b) According to Pitts, the trial court did not conduct a sufficient inquiry before accepting his guilty plea. Specifically, Pitts contends that the trial court failed to define "intent" as an element of rape. Pitts also argues that he was not properly informed of the possible range of sentences and that the prosecutor inaccurately set forth the elements of the crime and the State's burden of proof. Again, Pitts' claims lack merit.

Initially, we note that "the law does not always require that the trial court personally inform a defendant of the elements of the crime to which he is pleading guilty."[9] Thus, the trial court's failure to clarify the element of intent does not mandate reversal.[10] Moreover, Pitts was charged with forcibly raping a 72-year-old Alzheimer's patient. Under these circumstances, we find it highly doubtful that any further clarification on the element of intent would have altered the outcome of the plea hearing.

Pitts' remaining claims are also contrary to the record, which shows that the State correctly defined the charge against him. Furthermore, the trial court properly informed him of the State's burden of proof at trial and that he faced the possibility of receiving a life sentence in prison.[11] Thus, this allegation of error presents no basis for reversal.

(c) Pitts asserts that he received ineffective assistance of counsel based upon his attorney's failure to object when the State breached its plea agreement. As discussed above, however, the State did not breach the agreement, and a lawyer is not ineffective for failing to raise a meritless objection.[12]

(d) Pitts also argues that his attorney was ineffective in failing to adequately inform him of his right to withdraw his plea and/or his right to appeal. In order to resolve this issue, the trial court would be

---

[9] *Bryant v. State*, 245 Ga. App. 892, 894 (539 SE2d 523) (2000).

[10] See id.

[11] See id. at 893.

[12] See *Jones v. State*, 259 Ga. App. 698, 703 (3) (577 SE2d 878) (2003).

required to conduct a post-plea hearing to ascertain what Pitts discussed with his attorney prior to entering his plea. In other words, this issue cannot be resolved by facts appearing in the existing record, and thus we are unable to consider a direct appeal on this issue.[13]

(e) In his final enumeration of error, Pitts claims that the trial court's failure to inform him of his appellate rights violates due process. Initially, we note that, having pleaded guilty, Pitts no longer has an unqualified right to a direct appeal.[14] And "[i]f [Pitts] had no right to file even a timely notice of appeal from the judgment of conviction entered on his guilty plea, he was not entitled to be informed of a non-existent 'right' to appeal."[15]

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED FEBRUARY 5, 2004 —
RECONSIDERATION DENIED FEBRUARY 17, 2004 

Gerald Pitts, *pro se.*
*Howard Z. Simms, District Attorney*, for appellee.

---

[13] See *Dorrough*, supra at 364 (2).
[14] See *Shumake v. State*, 257 Ga. App. 209 (1) (570 SE2d 648) (2002).
[15] (Punctuation omitted.) Id. at 210.
[1] We granted Mize's application for discretionary appeal.