A04A1032. SMITH v. THE STATE.
(602 SE2d 839)

RUFFIN, Presiding Judge.

On October 31, 1996, Roy Smith pleaded guilty to one count of child molestation. The trial court sentenced him to 20 years, with 16

---

[7] *Mack v. State*, 242 Ga. App. 256, 258 (2) (c) (529 SE2d 393) (2000).

[8] Id.

to serve in prison. On August 15, 2003, almost seven years later, Smith filed an extraordinary motion for new trial. The trial court, noting that there had been no trial, considered the motion as one to withdraw Smith's plea and denied the motion. Smith then filed a motion for an out-of-time appeal, or, in the alternative, a motion to reconsider. The trial court denied Smith's motion, finding that the court lacked jurisdiction to consider the motion because it was filed after the term of court in which Smith was convicted and sentenced. It is from this order that Smith now appeals. For reasons that follow, we affirm.

It is well established that "[t]he superior court's jurisdiction to entertain a motion to withdraw a guilty plea ends after the term of court in which the judgment of conviction was rendered."[1] However, this jurisdictional bar applies only to the extent that Smith seeks to withdraw his guilty plea; "[t]here is no jurisdictional bar to a superior court entertaining a motion for an out-of-time appeal."[2] Accordingly, given that Smith cast his motion as one for an out-of-time appeal or, in the alternative, a motion to reconsider, the trial court's denial of Smith's motion based on lack of jurisdiction is incorrect.

Nonetheless, the trial court properly denied the motion. "[A]n out-of-time appeal is occasionally appropriate where, due to ineffective assistance of counsel, no appeal has been taken. But an appeal will lie from a judgment entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record."[3] Here, Smith has made no showing that the issues raised by him could be resolved by facts appearing in the record, nor does he even argue that his right to appeal was in any way frustrated by ineffective assistance of counsel. It follows, based on a right for any reason analysis, that the trial court did not err in denying Smith's motion. Accordingly, we affirm.[4]

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED JULY 27, 2004.

Roy Smith, *pro se.*
*Dennis C. Sanders, District Attorney,* for appellee.

---

[1] (Punctuation omitted.) *Foskey v. State,* 232 Ga. App. 303 (501 SE2d 856) (1998).

[2] *Pitts v. State,* 265 Ga. App. 633 (2) (595 SE2d 322) (2004).

[3] (Footnote and punctuation omitted.) Id.

[4] In light of our opinion, Smith's motion to supplement the record and motion for supersedeas are hereby denied.