**SECOND DIVISION
BARNES, P. J.,
MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**March 26, 2014**

# In the Court of Appeals of Georgia

A13A1847. LEWIS v. THE STATE.

MILLER, Judge.

In the third appearance of his case before this Court, Jeremy Patrick Lewis appeals from the denial of his motion for an out-of-time appeal from the 1994 judgments denying his motions to withdraw his guilty plea.[1] Lewis contends that the trial court erred in finding that the issues in this case were addressed by his prior appeal and in dismissing his motion. For the following reasons, we disagree and therefore affirm.

---

[1] See *Lewis v. State*, 229 Ga. App. 827 (494 SE2d 678) (1997), overruled in part by *Kaiser v. State*, 285 Ga. App. 63, 68-69 (1) (646 SE2d 84) (2007) (overruling *Lewis* and other cases to the extent they held that a trial court may not grant a motion to withdraw a guilty plea outside the term of court in which sentence is imposed if sentence is void).

An appeal will lie from a judgment entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record, and the trial court's denial of a motion for out-of-time appeal is reviewed for abuse of discretion. The denial of a request for out-of-time appeal is proper if an examination of the record reveals no merit to the claimed errors.

(Citations and punctuation omitted.) *Dennis v. State*, 292 Ga. 303 (736 SE2d 428) (2013).

So viewed, the underlying facts of this case show that Lewis was charged with multiple counts of violating the Georgia Controlled Substances Act,[2] OCGA 16-13-33, a firearms offense, being a recidivist and being a habitual violator. Lewis entered a guilty plea to all counts, and subsequently filed a timely motion to withdraw his plea. See *Lewis*, supra, 229 Ga. App. at 828. Thereafter, Lewis appealed the denial of his motion, and in the first appearance of his case, this Court remanded to the trial court for completion of the record and appointment of new counsel. Id. at 827-828.

In March 1996, the trial court entered two orders denying Lewis's motion to withdraw his pleas. Lewis appealed those orders. *Lewis*, supra, 229 Ga. App. at 829.

_____

[2] In two separate indictments, Lewis was charged with possession of cocaine and marijuana with intent to distribute, two counts of attempted possession of Lysergic Acid, and two recidivist counts.

2

Thereafter, in the second appearance of Lewis's case, this Court vacated the trial court's judgment, finding that the trial court lacked jurisdiction to enter an order after May 1, 1995, which marked the end of the term of court in which the remittitur from Lewis's first appeal was received. Id. at 830-831 (1), (4). This Court further held that Lewis failed to raise and pursue his claim of ineffectiveness of counsel at the earliest practicable opportunity. Id. at 830 (3).

In the instant case, Lewis contends that the trial court erred in dismissing his motion for an out of time appeal because his plea was not knowingly and voluntarily entered and because his counsel failed to advise him that he was subject to recidivist sentencing under OCGA § 17-10-7 (c) based on his prior felony convictions.

> It is well established that a criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea, and an appeal will lie from a judgment entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record. The ability to decide the appeal based on the existing record thus becomes the deciding factor in determining the availability of an out-of-time appeal when the defendant has pled guilty.

(Citations and punctuation omitted.) *Brown v. State*, 290 Ga. 321 (1) (720 SE2d 617) (2012). Where, as here, an examination of the record reveals no merit to the claimed

errors, denial of a request for out-of-time appeal is proper. *Adams v. State*, 285 Ga. 744 (1) (683 SE2d 586) (2009).

Pretermitting whether the issues in this case were fully addressed in Lewis's prior appeal,[3] we find that Lewis is not entitled to an out-of-time appeal because the record establishes that his plea was knowingly and voluntarily entered, and he understood that he could be sentenced as a recidivist. Notably, all of the charges against Lewis were read into the record by the State. The trial court then determined on the record that Lewis was represented by hired counsel, he could read and write, he was not under the influence of any drugs or alcohol, and he had no mental or physical problems. During a thorough plea colloquy, the trial court inquired whether Lewis understood his right to remain silent, right to counsel, right to confront witnesses, right to present evidence and right to testify on his own behalf. Lewis answered affirmatively to each question posed by the trial court. The trial court further inquired whether Lewis understood that he was presumed innocent and the State had the burden of proof. Again, Lewis answered affirmatively. The trial court

---

[3] "Ordinarily, our determination on direct appeal of a criminal judgment is res judicata, and a criminal defendant is not entitled to another bite at the apple by way of a second appeal." (Citation, punctuation and footnote omitted.) *Ward v. State*, 299 Ga. App. 63, 64 (682 SE2d 128) (2009).

4

also had Lewis complete a guilty plea petition and confirmed that Lewis conferred with his counsel regarding the questions and statements in that petition.

The trial court also confirmed on the record that Lewis understood the maximum fine and sentence for each count, that he was charged with being a recidivist, that the trial court could impose consecutive sentences and that the trial court could take his prior offenses into consideration in deciding whether to probate all or part of his sentence. Finally, the trial court confirmed on the record that Lewis was not threatened, intimidated or coerced into pleading guilty, and that he was satisfied that his counsel had considered all the facts and possible defenses in the case.

Based on our review of the record, we conclude that Lewis has failed to demonstrate that a manifest injustice will result unless his guilty plea is invalidated. See *Adams*, supra, 285 Ga. at 748 (4). Moreover, it appears from our examination of the record that Lewis's arguments regarding the validity of his plea and his counsel's assistance can all be resolved adversely to him. See id. Consequently, Lewis cannot show that the trial court abused its discretion in denying his motion for an out-of-time appeal.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*