A97A1161. MANION v. THE STATE.
(491 SE2d 506)

ANDREWS, Chief Judge.

David Allen Manion appeals pro se from the trial court's denial of his motion for an out-of-time appeal. He claims the trial court erred in denying his motion because his guilty plea was made involuntarily and unintelligently and he was denied effective assistance of counsel. We affirm the judgment of the trial court.

Manion was charged with two counts of aggravated child molestation. On April 13, 1992, he pled guilty and was sentenced to two 20-year terms to run concurrently; fifteen years in prison and five years of probation. On August 28, 1995, Manion filed a motion for reconsideration of sentence, and on April 16, 1996, he filed a motion for out-of-time appeal.

In his motion for out-of-time appeal, Manion claims his guilty plea was involuntary because "he was held incommunicado without benefit of counsel and subjected to coercion and interrogation. . . ." He contends his attorney rendered him ineffective assistance in that he advised Manion to plead guilty without investigating the strength of the case against him. Manion also claims counsel was ineffective in failing to advise him of his right to appeal.

The trial court correctly denied Manion's motion for an out-of-time appeal. An out-of-time appeal is authorized when defendant's failure to file a timely direct appeal was due to ineffective assistance of counsel. *Grantham v. State*, 267 Ga. 635 (481 SE2d 219) (1997); *Morrow v. State*, 266 Ga. 3 (463 SE2d 472) (1995). "But in order for an out-of-time appeal to be available on the grounds of ineffective

assistance of counsel, the defendant must necessarily have had the right to file a direct appeal. A direct appeal from a judgment of conviction and sentence entered on a guilty plea is only available if the issue on appeal can be resolved by reference to facts on the record. The ability to decide the appeal based on the existing record thus becomes the deciding factor in determining the availability of an out-of-time appeal when the defendant has pled guilty. Issues regarding the effectiveness of counsel are not reached unless the requirement that the appeal be resolved by reference to facts on the record is met." (Citations omitted.) *Grantham,* supra at 635.

Here, Manion makes no claim that the trial court failed to follow the proper procedure in taking the plea. Instead, he argues the plea was not voluntary and defense counsel was ineffective. "Under these circumstances, an out-of-time appeal is not mandated because the issues which appellant seeks to raise cannot be resolved by reference to facts contained in the record." *Grantham,* supra at 636. These issues can be developed only in the context of a post-plea hearing. Likewise, his contention that he was not informed of his right to an appeal also fails because he has raised no questions concerning his *right* to an appeal which are capable of being resolved by reference to the record. *Smith v. State,* 266 Ga. 687, 688 (470 SE2d 436) (1996).

Therefore, since the issues of the voluntariness of his guilty plea and the effectiveness of his counsel can be resolved only in a post-plea hearing, it follows that the trial court correctly denied Manion's motion for out-of-time appeal. *Grantham,* supra at 636. Manion must pursue a habeas corpus action as his remedy. Id.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 27, 1997.

David A. Manion, *pro se.*

*Peter J. Skandalakis, District Attorney, Christopher J. Adams, Assistant District Attorney,* for appellee.