## A97A2182. ECHOLS v. THE STATE.
(498 SE2d 66)

RUFFIN, Judge.

On August 17, 1987, Curtis Lee Echols, Jr. pled guilty to three counts of armed robbery and two counts of aggravated assault. Following a hearing, the trial court accepted the guilty pleas and sentenced Echols for the offenses. On March 15, 1995, Echols filed a motion for an out-of-time appeal. The trial court denied the motion, and Echols appealed, pro se. For reasons which follow, we affirm.

"An out-of-time appeal is authorized when defendant's failure to file a timely direct appeal was due to ineffective assistance of counsel. [Cits.] 'But in order for an out-of-time appeal to be available on the grounds of ineffective assistance of counsel, the defendant must necessarily have had the right to file a direct appeal. A direct appeal from a judgment of conviction and sentence entered on a guilty plea is only available if the issue on appeal can be resolved by reference to facts on the record. The ability to decide the appeal based on the existing record thus becomes the deciding factor in determining the availability of an out-of-time appeal when the defendant has pled guilty. Issues regarding the effectiveness of counsel are not reached unless the requirement that the appeal be resolved by reference to facts on the record is met.' [Cit.]" *Manion v. State*, 228 Ga. App. 270 (491 SE2d 506) (1997).

In this case, Echols has not shown that the issues he seeks to raise on appeal can be resolved by reference to facts in the record. First, Echols asserts that the trial court considered improper matters during his sentencing following the guilty pleas. See *Clark v. State*, 138 Ga. App. 266, 270 (5) (226 SE2d 89) (1976). Echols, however, has failed to cite any facts in the record supporting this assertion, and our own review of the guilty plea hearing transcript does not reveal that the trial court considered such improper matters. Absent any evidence of record, Echols cannot "rebut the presumption that the trial court did not consider the improper matter in fixing the sentence. [Cits.]" *Hamrick v. State*, 197 Ga. App. 89, 91-92 (4) (397 SE2d 503) (1990).

Second, Echols asserts that his plea was not knowing and voluntary because appointed trial counsel misinformed him about the sentence he would receive upon pleading guilty. Again, however, Echols has not shown how this assertion can be resolved by reference to the record. In his appellate brief, Echols cites only his own unsworn self-serving statements to the trial court at the out-of-time appeal motion hearing. These statements are not evidence. See *Belcher v. State*, 173 Ga. App. 509 (1) (326 SE2d 857) (1985); *Hill v. State of Ga.*, 178 Ga. App. 563, 565 (2) (343 SE2d 776) (1986). And, our review of the guilty plea hearing transcript does not reveal that counsel gave any such

advice. Accordingly, Echols again has failed to meet his burden of showing that this issue can be resolved by reference to facts in the record. See *Manion*, supra.

Under these circumstances, Echols was not entitled to a direct appeal from the judgment of conviction entered on his guilty plea, and he was therefore " 'not entitled to be informed of a non-existent "right" to appeal.' [Cit.]" *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996). Accordingly, the trial court did not err in denying Echols' motion for an out-of-time appeal. See id.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED JANUARY 9, 1998 —
RECONSIDERATION DENIED MARCH 24, 1998.

Curtis L. Echols, Jr., *pro se.*
*David McDade, District Attorney*, for appellee.