A99A2005. THOMPSON v. THE STATE.
(524 SE2d 239)

PHIPPS, Judge.

After officers found weapons and cocaine in Thompson's possession during a search following a traffic stop, he was indicted on nine charges. Following the trial court's denial of his motion to suppress the evidence, in a negotiated plea agreement, he pled guilty to possession of cocaine and possession of a firearm by a convicted felon. He was sentenced to five years in prison for each offense. Although Thompson was represented by counsel below, he appeals pro se.

1. First, Thompson contends that the trial judge erred in accepting his guilty plea (a) without reading the indictment to him, (b) without ensuring that he understood the elements of the offenses to which he was pleading guilty, and (c) without eliciting from him a confession of guilt.

(a) The judge is required to read the indictment "[u]pon the arraignment of a person accused of committing a crime."[1] In this case, Thompson initially pled not guilty and waived arraignment. A guilty plea hearing was held in lieu of a bench trial after Thompson opted to plead guilty. A reading of the indictment was not required at the guilty plea hearing.

(b) Nonetheless, Uniform Superior Court Rule (USCR) 33.8 (A) states that the judge shall not accept a plea of guilty from a defendant without first "[d]etermining on the record that the defendant understands the nature of the charge(s)."

> [B]ut the law does not require the trial court to personally inform the accused of the elements of the crime to which he is pleading guilty. [Cit.] . . . " '(I)t may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the

---

[1] OCGA § 17-7-93 (a).

accused notice of what he is being asked to admit.' (Cit.) . . ." [Cits.][2]

In Thompson's signed guilty plea, he acknowledged that his attorney had explained the nature of the charges to him. The trial court was not required to explain the elements of the offenses, which were self-evident from their nomenclature.

(c) When questioned by the judge at the hearing, Thompson affirmed that, pursuant to a negotiated plea agreement, he was pleading guilty to possession of cocaine and possession of a firearm by a convicted felon. A factual basis for the plea was established, as required by USCR 33.9. In addition, Thompson stated in his written plea of guilty and waiver of trial by jury that he did in fact commit the offenses to which he was pleading guilty. A guilty plea is a confession of guilt.

2. Next Thompson contends that the court erred in denying his motion to suppress. This issue was waived by Thompson's guilty plea.[3]

3. Alternatively, Thompson asserts that his guilty plea was coerced by the court's erroneous denial of his motion to suppress.

A direct appeal from a judgment of conviction entered on a guilty plea lies only if the issues raised on appeal can be resolved by reference to facts in the record.[4] It does not appear from matters of record that the court's denial of Thompson's motion to suppress rendered his guilty plea involuntary. Based on the record of the guilty plea hearing, the State has carried its burden of showing that the guilty plea was voluntarily entered.[5]

4. Thompson challenges the validity of his guilty plea on the ground that the trial court did not fully comply with USCR 33.8 (B) and (C).

Subsection (B) of this rule states that before accepting a guilty plea the judge shall first inform the defendant on the record that by entering the plea he waives: the right to trial by jury; the presumption of innocence; the right to confront witnesses against oneself; the right to subpoena witnesses; the right to testify and to offer other evidence; the right to assistance of counsel during trial; and the right not to incriminate oneself. Subsection (C) requires that the defendant be informed on the record of the maximum possible sentence on the charge and that by pleading not guilty or remaining silent and not

---

[2] *Mock v. State*, 218 Ga. App. 514, 517 (2) (462 SE2d 429) (1995).

[3] See *Hooten v. State*, 212 Ga. App. 770 (1) (442 SE2d 836) (1994), overruling the conditional plea procedures established in *Mims v. State*, 201 Ga. App. 277, 278 (1) (410 SE2d 824) (1991).

[4] *Echols v. State*, 231 Ga. App. 501 (498 SE2d 66) (1998).

[5] See, e.g., *White v. State*, 211 Ga. App. 779 (440 SE2d 527) (1994).

entering a plea, one obtains a jury trial. But " '[t]he question is not whether the trial court followed the letter of USCR 33.8 but whether the record, as a whole, affirmatively shows [Thompson's] plea was knowing and voluntary.' [Cits.]"[6]

The judge advised Thompson that by pleading guilty he would be waiving his rights to have a trial by jury, to present evidence, to confront the State's witnesses, and to subpoena defense witnesses. The court also informed Thompson that at trial the State would have the burden of proving guilt. Although the court did not inform Thompson of the maximum possible sentence on the charges, Thompson stated in his written guilty plea that counsel had done so. The record shows that Thompson's plea was voluntarily, knowingly and intelligently entered.

5. Finally, Thompson claims that he is entitled to discharge and acquittal because the State did not comply with his demand for speedy trial under OCGA § 17-7-170. Thompson filed his speedy trial demand during the June term of the Muscogee Superior Court, thereby requiring the State to try him during the August term.[7] During the August term, the guilty plea hearing was held in lieu of a bench trial. Under these circumstances, the guilty plea constituted a withdrawal of the speedy trial demand.[8] Thus Thompson was not entitled to discharge and acquittal.

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 27, 1999 — 

Oscar Thompson, *pro se.*
*J. Gray Conger, District Attorney, Roger H. Anderson, Assistant District Attorney*, for appellee.

---

[6] *Stephens v. State*, 235 Ga. App. 756, 758 (510 SE2d 575) (1998).

[7] See OCGA §§ 17-7-170; 15-6-3 (8) (D).

[8] See generally *Singleton v. State*, 198 Ga. App. 539, 540 (402 SE2d 132) (1991); compare *Ballew v. State*, 211 Ga. App. 672 (440 SE2d 76) (1994), disapproved in *Hooten v. State*, supra at 774.