## A01A1742. WALLACE v. THE STATE.
### (559 SE2d 152)

MILLER, Judge.

Jamaine Wallace pled guilty to several charges, including burglary, aggravated assault, and false imprisonment. Eighteen months later, Wallace filed a motion for out-of-time appeal, which motion the trial court denied. On appeal Wallace challenges the denial of his motion, arguing that he was not informed of his right to appeal by either trial counsel or the court.

"A criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea. A direct appeal will lie from a judgment of conviction and sentence entered on a guilty plea 'only if the issue on appeal can be resolved by facts appearing in the record.' "[1]

Wallace has merely claimed that he was not informed of his right to appeal, which is insufficient to meet the burden to show good and sufficient reason for entitlement to an out-of-time appeal.[2] He must show that he had a *right* to file a timely direct appeal, which was frustrated by his counsel's ineffective assistance.[3] Wallace has failed, however, to point to the questions he would raise on appeal. Thus, we have no issues that could be resolved by facts appearing in the record, and a direct appeal cannot lie from Wallace's guilty plea. He was therefore "not entitled to be informed of a non-existent 'right' to appeal."[4]

Even if Wallace argued that his plea was not voluntary, that issue can be developed only in the form of a post-plea hearing such as on a motion to withdraw a guilty plea.[5] If the court had denied such

---

[1] (Citations omitted.) *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996); *Gibbs v. State*, 239 Ga. App. 249 (1) (a) (519 SE2d 511) (1999); see *Morrow v. State*, 266 Ga. 3 (463 SE2d 472) (1995).

[2] *Smith*, supra, 266 Ga. at 688.

[3] Id. at 687; see *Manion v. State*, 228 Ga. App. 270, 271 (491 SE2d 506) (1997).

[4] *Morrow*, supra, 266 Ga. at 4.

[5] *Caine v. State*, 266 Ga. 421, 422 (467 SE2d 570) (1996).

motion, then Wallace could have appealed from that denial.[6] Here, there is no such motion or hearing and thus no appeal.

As the denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court,[7] and we find no abuse of such discretion here, the court did not err in denying Wallace's motion.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED JANUARY 23, 2002.

*Jamaine Wallace, pro se.*

*Spencer Lawton, Jr., District Attorney, Melanie Higgins, Assistant District Attorney*, for appellee.

[6] Id.; *Manion*, supra, 228 Ga. App. at 271.
[7] *Bryant v. State*, 245 Ga. App. 892 (539 SE2d 523) (2000).
[1] See *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986).