**SECOND DIVISION**
**MILLER, P. J.,**
**REESE and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**April 29, 2019**

# In the Court of Appeals of Georgia

A19A0430. SMITH v. THE STATE.

REESE, Judge.

Tammy Terrell Smith appeals from a judgment of conviction on a charge of possession of drug related objects.[1] She contends that the trial court erred in denying her motion to suppress. For the reasons set forth infra, we vacate the trial court's judgment and remand this case to the trial court with direction.

The record shows that, on June 6, 2017, Smith was a passenger in a car that was stopped by Clayton County police officers. During the stop, the officers directed Smith and the driver to exit the car and then searched the car, but they found no drugs or other contraband. Another officer arrived, searched Smith, and found a glass pipe containing methamphetamine residue inside a cigarette box in a pocket of her cargo

---

[1] See OCGA § 16-13-32.2 (a).

pants. After Smith was arrested and charged, she filed a motion to suppress, contending that the search of her person was performed without her consent, violated her constitutional rights, and was otherwise illegal. Following a hearing, the court denied the motion to suppress.

On July 16, 2018, the trial court conducted a "stipulated bench trial[ ]" during which it adjudicated Smith guilty on the charge of possession of drug related objects (hereinafter, "charge").[2] However, during the proceeding, the State told the court that Smith was "pleading to[ ]" the charge, and Smith's defense counsel informed the court of the sentence to which the parties had agreed. Defense counsel also reminded the court that the parties and the court had agreed that Smith would be released from jail "during the pendency of the appeal," presumably referring to the instant challenge to the denial of the motion to suppress.

On July 17, 2018, Smith filed a Notice of Appeal, and the trial court clerk transmitted the record to this Court. However, the trial court's judgment of conviction was inadvertently left out of the record, and the appeal was dismissed on November 5, 2018. After the trial court supplemented the record with the judgment order, the appeal was reinstated on November 14, 2018.

---

[2] The State nolle prossed a charge of possession of methamphetamine.

While reviewing the merits of Smith's appeal, this Court observed that the trial court's judgment of conviction clearly states that Smith's conviction was based upon a negotiated guilty plea, as opposed to a judgment of guilt following a bench trial.[3] Given the statements made by the State and defense counsel during the "stipulated bench trial[,]" this Court is uncertain as to how to proceed in the instant appeal.

It is axiomatic that "[a] defendant waives any error in the denial of [her] motion to suppress by pleading guilty[.] This is true even when the prosecutor and the trial court agree that[,] if the defendant pleads guilty, [she] would still be able to appeal the issue."[4] Consequently, if Smith's conviction resulted from a negotiated guilty plea, as shown on the judgment of conviction, she effectively waived her challenge

---

[3] See *State v. Hamby*, 317 Ga. App. 480, n. 1 (731 SE2d 374) (2012) ("A trial court's oral pronouncement is not a judgment until it is put in writing and entered as the judgment. Although a trial court's oral pronouncements on the record may provide insight on the intent of its subsequent written judgment, discrepancies between the two pronouncements must be resolved in favor of the written judgment.") (citations and punctuation omitted).

[4] *Skinitis v. State*, 271 Ga. App. 549, 550 (610 SE2d 571) (2005) (citations omitted).

to the denial of her motion to suppress, and this Court would not reach the merits of this appeal.[5]

Under these circumstances, we vacate the trial court's judgment of conviction and remand this case to the trial court to either correct the judgment to show that Smith was convicted following the July 16, 2018 stipulated bench trial, or conduct a guilty plea hearing that complies with Uniform Superior Court Rule 33.8 and, if Smith pleads guilty and the trial court accepts the plea, issue a new judgment of conviction based on the plea.

*Judgment vacated and case remanded with direction. Miller, P. J., and Hodges, J., concur*.

---

[5] We note, however, that Smith would not have waived a claim that her guilty plea was invalid due to the trial court's failure to comply with the requirements of Uniform Superior Court Rule ("USCR") 33.8 (B) and (C). See *Thompson v. State*, 240 Ga. App. 539, 540-541 (4) (524 SE2d 239) (1999) ("Subsection (B) of [USCR 33.8] states that before accepting a guilty plea the judge shall first inform the defendant on the record that by entering the plea [she] waives: the right to trial by jury; the presumption of innocence; the right to confront witnesses against oneself; the right to subpoena witnesses; the right to testify and to offer other evidence; the right to assistance of counsel during trial; and the right not to incriminate oneself. Subsection (C) requires that the defendant be informed on the record of the maximum possible sentence on the charge and that by pleading not guilty or remaining silent and not entering a plea, one obtains a jury trial.").