# Court of Appeals
# of the State of Georgia

ATLANTA,  August 02, 2019

*The Court of Appeals hereby passes the following order:*

## A19A1633. BOWLER v. THE STATE.

Paul Bowler appeals from a judgment of conviction on charges of possession of methamphetamine and possession of drug related objects. He contends that the trial court erred in denying his motion to suppress and that the evidence was insufficient to support his convictions. For the reasons set forth infra, we vacate the trial court's judgment and remand this case to the trial court with direction.

The record shows that, in June 2016, a police officer approached Bowler, who was sitting in his parked car in a gas station parking lot. The officer subsequently conducted a pat-down "weapon" search of Bowler, then placed Bowler under arrest for loitering and prowling. The officer also conducted an inventory search of Bowler's car, because the car was to be impounded pursuant to Bowler's arrest. During the vehicle search, the officer found a syringe and a plastic baggy, and the substance found in the syringe field-tested positive for methamphetamine. After Bowler was charged, he filed a motion to suppress the seized evidence. Following a hearing, the court denied the motion to suppress.

On February 14, 2018, the trial court conducted a stipulated bench trial based solely on evidence presented during the motion to suppress hearing (as recorded in the hearing transcript) and the results from testing conducted by the state crime lab. The trial court adjudicated Bowler guilty on both charges and sentenced him to three years, with three months to serve in custody. Bowler filed a motion for new trial, which the court denied after conducting a hearing. On January 22, 2019, Bowler filed a Notice of Appeal, and the trial court clerk transmitted the record to this Court.

While reviewing the merits of Bowler's appeal, however, this Court observed that the trial court's judgment of conviction clearly states that Bowler's conviction was based upon a negotiated guilty plea, as opposed to a judgment of guilt following a bench trial.[1]

It is axiomatic that "[a] defendant waives any error in the denial of his motion to suppress by pleading guilty[.] This is true even when the prosecutor and the trial court agree that[,] if the defendant pleads guilty, he would still be able to appeal the issue."[2] Consequently, if Bowler's conviction resulted from a negotiated guilty plea, as shown on the judgment of conviction, he effectively waived his challenge to the denial of his motion to suppress, and this Court would not reach the merits of that issue in this appeal.[3]

---

[1] See *State v. Hamby*, 317 Ga. App. 480, n. 1 (731 SE2d 374) (2012) ("A trial court's oral pronouncement is not a judgment until it is put in writing and entered as the judgment. Although a trial court's oral pronouncements on the record may provide insight on the intent of its subsequent written judgment, discrepancies between the two pronouncements must be resolved in favor of the written judgment.") (citations and punctuation omitted).

[2] *Skinitis v. State*, 271 Ga. App. 549, 550 (610 SE2d 571) (2005) (citations and punctuation omitted).

[3] We note, however, that Bowler would not have waived a claim that his guilty plea was invalid due to the trial court's failure to comply with the requirements of Uniform Superior Court Rule ("USCR") 33.8 (B) and (C). See *Thompson v. State*, 240 Ga. App. 539, 540-541 (4) (524 SE2d 239) (1999) ("Subsection (B) of [USCR 33.8] states that before accepting a guilty plea the judge shall first inform the defendant on the record that by entering the plea he waives: the right to trial by jury; the presumption of innocence; the right to confront witnesses against oneself; the right to subpoena witnesses; the right to testify and to offer other evidence; the right to assistance of counsel during trial; and the right not to incriminate oneself. Subsection (C) requires that the defendant be informed on the record of the maximum possible sentence on the charge and that by pleading not guilty or remaining silent and not entering a plea, one obtains a jury trial.").

Under these circumstances, we VACATE the trial court's judgment of conviction and REMAND this case to the trial court to either correct the judgment order to show that Bowler was convicted following the February 14, 2018 stipulated bench trial, or conduct a guilty plea hearing that complies with USCR 33.8 and, if Bowler pleads guilty and the trial court accepts the plea, issue a new judgment of conviction based on the plea.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   08/02/2019   *
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



, *Clerk.*