**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER and COLVIN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS***
***COURT. ALL FILINGS MUST BE SUBMITTED WITHIN***
***THE TIMES SET BY OUR COURT RULES.***

**April 8, 2021**

# In the Court of Appeals of Georgia

A21A0120. MADDOX v. THE STATE.

DILLARD, Presiding Judge.

Trenedy Maddox challenges his convictions on charges of possession of a firearm by a convicted felon, failure to report an accident, and failure to maintain lane. Specifically, he agrues that the trial court erred in denying his motion to suppress evidence discovered at the scene of his one-vehicle accident. In doing so, Maddox contends that the law enforcement officer's pat-down search of him was not supported by a reasonable suspicion that he was dangerous and the discovery of the handgun in his vehicle was not justified by the plain-view doctrine. But these issues were waived by Maddox's subsequent guilty plea, so we affirm his convictions.

Not long after midnight on October 30, 2018, a Walton County sheriff's deputy responded to a report of a one-vehicle accident in a wooded area on a county road.

Upon arriving at the scene, the deputy observed a white pickup truck flipped over in a ditch off the side of the road and also encountered the vehicle's owner—who was ultimately identified as Maddox. An off-duty DeKalb County police officer—who initially reported the accident—was also on the scene and explained to the deputy that Maddox had extricated himself from the truck, briefly left on foot, and then returned.

As the deputy began speaking to Maddox, he smelled an alcoholic beverage odor and noticed that Maddox kept reaching toward his pockets. This alarmed the deputy, who feared that Maddox might be armed. As a result, the deputy immediately conducted a pat-down search of Maddox and felt what he suspected was a handgun magazine. Then, when the deputy asked Maddox what was in his pocket, Maddox told him to "take it," at which point the deputy retrieved a loaded magazine.

Shortly after the foregoing discovery, a sergeant with the sheriff's department arrived on the scene. And after the deputy informed him about finding the loaded magazine in Maddox's pocket, the sergeant walked over to Maddox's truck and—by peering through the rear window—immediately spotted a black and silver colored handgun inside the vehicle. The deputy subsequently placed Maddox under arrest and, shortly thereafter, determined he had a felony record. In addition, because

Maddox's truck was inoperable, the deputy inventoried its contents and had it towed away by a wrecker service.

The State later charged Maddox, via accusation, with one count each of possession of a firearm by a convicted felon, failure to report an accident, and failure to maintain lane. And Maddox ultimately filed a motion to suppress the evidence seized at the scene of his accident. The trial court conducted a hearing on the matter, in which both the deputy and the sergeant testified; and at the conclusion of the hearing, the court denied Maddox's motion. Several months later, Maddox pleaded guilty to all three charges in the accusation after a hearing, in which the court thoroughly explained the rights he was waiving by doing so. This appeal follows.

Maddox contends that the trial court erred in denying his motion to suppress evidence discovered at the scene of his one-vehicle accident, arguing that the law enforcement officer's pat-down search was not justified by a reasonable suspicion that he was dangerous and the discovery of the handgun in his vehicle was not supported by the plain-view doctrine. But it is axiomatic that a defendant "waives any error in the denial of [his] motion to suppress by pleading guilty."[1] In fact, this is true

---

[1] *Smith v. State*, 350 Ga. App. 19, 20 (827 SE2d 716) (2019) (punctuation motion); *accord Skinitis v. State*, 271 Ga. App. 549, 550 (610 SE2d 571) (2005); *see Thompson v. State*, 240 Ga. App. 539, 540 (2) (524 SE2d 239) (1999) (holding that

even when the prosecutor and the trial court agree that, "if the defendant pleads guilty, [he] would still be able to appeal the issue."[2] Accordingly, this Court is "precluded from reviewing that decision."[3]

For all these reasons, the trial court's judgment is affirmed.

*Judgment affirmed. Mercier and Colvin, JJ., concur.*

---

defendant's guilty plea waived challenge to the trial court's denial of his motion to suppress); *see also Lefkowitz v. Newsome*, 420 U.S. 283, 288 (I) (95 SCt. 886, 43 LE2d 196) (1975) (noting the general rule that "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea" (punctuation omitted)).

[2] *Smith*, 350 Ga. App. at 20 (punctuation omitted); *see Hooten v. State*, 212 Ga. App. 770, 775 (1) (442 SE2d 836) (1994) (overruling the conditional plea procedures previously established in *Mims v. State*, 201 Ga. App. 277, 278 (1) (410 SE2d 824) (1991).

[3] *Skinitis*, 271 Ga. App. at 550; *see Smith*, 350 Ga. App. at 20 (noting that if defendant's conviction resulted from a negotiated guilty plea, as shown on the judgment of conviction, she effectively waived her challenge to the denial of her motion to suppress, and this Court would not reach the merits of this appeal); *Thompson*, 240 Ga. App. at 540 (2) (declining to review the denial of defendant's motion to suppress given the fact that defendant entered a guilty plea to charges).